IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TEXAS FARMERS INSURANCE COMPANY, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:17-CV-1604-D |
| AS AMERICA INC., | § § § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant's notice of removal, filed June 16, 2017, appears to predicate subject matter jurisdiction upon diversity of citizenship, 28 U.S.C. § 1332, but fails to allege properly the citizenship of plaintiff Texas Farmers Insurance Company ("Texas Farmers").

Defendant alleges that "[p]laintiff is now, and was at the time of removal, and at the time of the filing of the instant lawsuit, a citizen of Texas." Not. of Removal ¶ 2. If this allegation refers to the citizenship of Texas Farmers, defendant has failed to properly plead Texas Farmers' citizenship because it has not pleaded Texas Farmers' state of incorporation and of its principal place of business. *See Ill. Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 637 (5th Cir. 1983) (holding that "a complaint properly asserting diversity jurisdiction must state both the state of incorporation *and* the principal place of business of each corporate party.").

And if defendant is attempting to plead and rely on the citizenship of subrogor Mark Farrell, this is also improper. The Supreme Court has "established that the 'citizens' upon whose diversity a plaintiff grounds jurisdiction must be real and substantial parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460 (1980). Accordingly, "a federal court must disregard nominal

or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Id.* at 461; *see also* 13A Charles A. Wright et. al., *Federal Practice & Procedure* § 3606, at 294-96 (3d ed. 2009) (explaining that federal courts have only considered citizenship of representative parties to determine diversity jurisdiction in suits by subrogees). Under federal and Texas law, a subrogee is a real party in interest. *See United States v. Aetna Cas. & Sur. Co.,* 338 U.S. 366, 380-81 (1949); *Rushing v. Int'l Aviation Underwriters, Inc.*, 604 S.W.2d 239, 241 (Tex. App. 1980, writ ref'd n.r.e.). And if the subrogee, here Texas Farmers, "has paid an entire loss suffered by the insured, it is the only real party in interest." *Underwriters at Interest on Cover Note JHB92M10582079 v. Nautronix, Ltd.*, 79 F.3d 480, 484 (5th Cir. 1996) (citing *Aetna*, 338 US. at 379-81)

In its state court petition, Texas Farmers alleges that it "adjusted and paid the claim and now brings this suit, as subrogee of its insured." P. Pet. 3. Because Texas Farmers alleges it paid the "entire loss suffered by the insured," Texas Farmers is the only real party in interest. *See Underwriters*, 79 F.3d at 484. And because Texas Farmers is the only real party in interest, defendant must allege Texas Farmers' state of incorporation and principal place of business for purposes of determining diversity of citizenship. *See Ill. Cent. Gulf R.R.*, 706 F.2d at 637.

Therefore, until defendant properly pleads Texas Farmers' citizenship, this court is not shown to have subject matter jurisdiction. *See Am. Motorists Ins. Co. v. Am. Emp'rs' Ins. Co.*, 600 F.2d 15, 16 (5th Cir. 1979) (per curiam). Accordingly, no later than 21 days from the date of this memorandum opinion and order, defendant must file an amended notice of removal that properly alleges diversity of citizenship, in conformity with 28 U.S.C. § 1332; otherwise, this action will be remanded to county court.

The court has not specifically evaluated whether the notice of removal complies with N.D. Tex. Civ. R. 81.1. If defendant is satisfied that the notice of removal complies with Rule 81.1 and that additional documents are unnecessary to address the defect identified in this order, the amended notice of removal required by this order need not also contain the documents required by Rule 81.1.

**SO ORDERED**.

June 27, 2017.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE